**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**CARMEN MARIE STEPHENS**

Plaintiff,

v.

**CITY OF PORTLAND, PORTLAND BUREAU OF TRANSPORTATION, PORTLAND POLICE BUREAU, SPEEDS TOWING, & NORTHWESTERN TOWING AND RECOVERY**

Defendants.

Case No. 3:26-cv-2379-IM

**SCREENING ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND AND DENYING EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND INJUNCTION**

**IMMERGUT, District Judge.**

Before this Court is Plaintiff Carmen Marie Stephens' Application to Proceed in Forma Pauperis (IFP App.), ECF 2, Emergency Motion for Temporary Restraining Order and Injunction, ECF 3, and Motion for Appointment of Counsel, ECF 4. Plaintiff seeks relief under 42 U.S.C. § 1983 against the City of Portland, Portland Bureau of Transportation, Portland Police Bureau, Speeds Towing, and Northwestern Towing and Recovery (Defendants) for due process violations.

*See generally* Complaint (Compl.), ECF 1 at 5. For the reasons below, this Court grants Plaintiff's Application to Proceed in Forma Pauperis, denies her Motion for Appointment of Counsel, dismisses her complaint without prejudice and with leave to amend, and denies her Emergency Motion for a Temporary Restraining Order and Injunction.

**LEGAL STANDARDS**

A complaint filed in forma pauperis ("IFP") shall be dismissed at any time if the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). To state a claim upon which relief can be granted, a complaint must "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). In evaluating the sufficiency of a complaint, the court must accept as true all well-pleaded material facts in the complaint and construe them in the light most favorable to the plaintiff. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citation modified). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Mashiri v. Epsten Grinnell & Howell,* 845 F.3d 984, 988 (9th Cir. 2017) (citation modified) (quoting *Iqbal*, 556 U.S. at 678). Courts must construe pro se filings liberally, but they cannot supply essential elements of a claim that are not pled. *Gonzalez-Castillo v. Garland*, 47 F.4th 971, 980 (9th Cir. 2022); *Pena v.*

*Gardner*, 976 F.2d 469, 471–72 (9th Cir. 1992) (per curiam). As a general rule, "district courts may not consider material outside the pleadings when assessing the sufficiency of the complaint[.]" *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).

**BACKGROUND**

Plaintiff submitted to this Court a handwritten complaint, file pro se, on October 29, 2026. Compl., ECF 1. In her complaint, Plaintiff brings one cause of action against Defendants pursuant to 42 U.S.C. § 1983 (Section 1983), alleging Defendants' tow of Plaintiff's vehicle violated Plaintiff's right to due process guaranteed by the Fourteenth Amendment of the U.S. Constitution. *Id.* at 5, 8. Plaintiff alleges that Defendants have engaged in a "continuous 7 year practice of harassment retaliation policy[,]" seemingly culminating in a tow of Plaintiff's vehicle, which Plaintiff maintains is an "illegal seizure[,] coercion[, and] unlawful retaliation[.]" *Id.* Plaintiff further alleges that Defendants used "threat of arrest for made up statutes by [a] police officer to allow PBOT . . . to facilitate an illegal tow without prior warning on a made up city code rule[.]" *Id.* at 6. Plaintiff requests from this Court monetary, declaratory, and injunctive relief to prohibit Defendants from "towing, seizing or disposing of any of Plaintiff's property." *Id.* at 4.

On the same day she filed the complaint, Plaintiff filed with this Court an Emergency Motion for a Temporary Restraining Order and Injunction, ECF 3, in which Plaintiff provides additional details about the circumstances of the tow. Plaintiff states that the tow was conducted on October 27, 2026, and alleges that the City Attorney and Hearings Office blocked her attempt to provide the City proof of her legal possession of the vehicle in support of her position at an upcoming hearing regarding the tow. ECF 3 at 1-2. On November 4, 2026, Plaintiff filed two additional declarations and supplemental memoranda, ECF 6 & 7, in which Plaintiff provides a detailed account of the events preceding, during, and following the tow, including the results of

the hearing on the tow, and alleges that Speeds Towing is negotiating the cash sale of her vehicle to a third party who has no right to lawfully possess the vehicle. *See* ECF 6 at 2-6.

**DISCUSSION**

This Court has evaluated Plaintiff's financial affidavit, finds that she has satisfied the eligibility requirements of 28 U.S.C. § 1915(a), and therefore grants Plaintiff's Application to Proceed IFP, ECF 2. This Court has also evaluated Plaintiff's Motion for Appointment of Counsel, ECF 4, finds that the circumstances of this case do not warrant appointment of counsel, and denies the motion.

Upon screening of Plaintiff's complaint, this Court dismisses the complaint because it fails to state a claim of municipal liability. Accordingly, this Court also denies Plaintiff's request for a TRO or preliminary injunction since a TRO, as an equitable remedy, requires a "clear showing" of a likelihood of success on the merits, and an injunction requires an even higher showing. *See Starbucks Corp. v. McKinney*, 602 U.S. 339, 345 (2024).

**A. Screening Pursuant to 28 U.S.C. § 1915(e)(2)**

**1. *Monell* Claim for Municipal Liability**

Plaintiff seeks to hold Defendants liable under a theory of Section 1983 municipal liability established by *Monell v. Dep't Soc. Svcs.*, 436 U.S. 658 (1978). *Id.* To state a *Monell* claim, a plaintiff must plead that a municipal employee carried out a violation of her constitutional rights through a: (1) written law or policy, (2) final decision by a policymaker, (3) widespread pattern or practice of behavior, or (4) failure by the municipality to train, screen, or otherwise adequately supervise its employees. *See id.* at 682; *City of St. Louis v. Prapotnik*, 485 U.S. 112, 124 n.1 (1988) (final decision by policymaker); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 167-68 (1970) (pattern or practice); *City of Canton v. Harris*, 489 U.S. 378, 380 (1989) (failure to train or supervise).

Looking only to the allegations made by Plaintiff in her October 29, 2026 complaint, Plaintiff fails to plead that a municipal employee carried out a constitutional violation by any of the mechanisms described above. Plaintiff's claim that Defendants have engaged in a "continuous 7 year practice of harassment policy" against Plaintiff, ECF 1, does not sufficiently demonstrate that the City maintains a written law or policy that would enable its employees to violate Plaintiff's constitutional rights. Moreover, Plaintiff's description of her interactions with Defendants as part of a continuous, multi-year "harassment policy" is too conclusory to plead that there exists an unwritten and widespread pattern or practice of behavior among City employees that would enable constitutional violations. As alleged in the complaint, Plaintiff does not otherwise allege facts supporting a theory that any deprivation of her right to due process stemmed from the final decision of a policymaker or the City's failure to train or supervise its employees.

The Court acknowledges that Plaintiff's November 4, 2026 supplemental memoranda and declarations include detailed factual information underlying the events at issue, including claims that City employees towed Plaintiff's vehicle as being "abandoned" but failed to affix written notice of an impending tow to Plaintiff's vehicle as required by P.C.C. 16.30.225, that Plaintiff was told by the towing PBOT officer that the no-notice tow was a result of a directive from the Mayor of Portland to "get the last of the homeless vehicles off the street[,]" and an allegation that Speeds Towing is negotiating a cash sale of Plaintiff's vehicle to a third party. ECF 6 at 2-6. The Court, however, may not determine the sufficiency of Plaintiff's claim based on materials not included with the original complaint. *See Khoja*, 899 F.3d at 998.

Because Plaintiff's complaint fails to state a claim for relief, the Court must dismiss the complaint.

**2. Leave to Amend**

This Court's dismissal is without prejudice and with leave to amend. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam) (citation modified) ("A district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."). Plaintiff's supplemental memoranda contain additional factual information, which—if included in an amended complaint—may be supportive of a claim for relief. Thus, this Court determines that Plaintiff may file an amended complaint no later than November 30, 2026.

**B. Motion for a Temporary Restraining Order**

Temporary restraining orders ("TROs") and preliminary injunctions are "extraordinary remed[ies] never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.,* 555 U.S. 7, 24 (2008); *see Kindred v. Bigot*, 727 F. App'x 427, 427 (9th Cir. 2018) (unpublished) (citing *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001)) (explaining that the standards for a TRO and a preliminary injunction are "substantially identical"). To succeed on a motion for a TRO, a party must make a "clear showing" that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Starbucks Corp.*, 602 U.S. at 345 (quoting *Winter*, 555 U.S. at 20). Similarly, a plaintiff requesting a preliminary injunction must demonstrate a likelihood of success on the merits. *Winter*, 555 U.S. at 20. If a plaintiff is unlikely to succeed on the merits, the court need not consider the remaining *Winter* factors. *Babaria v. Blinken*, 87 F.4th 963, 980 (9th Cir. 2023).

Because this Court concludes that the Complaint has failed to state a claim upon which relief can be granted, it also concludes that Plaintiff has failed to provide the necessary showing of a likelihood of success on the merits for either a TRO or preliminary injunction. Plaintiff's

Emergency Motion for Temporary Restraining Order and Injunction, ECF 3, is therefore denied, but Plaintiff has leave to reinstate it if appropriate.

## CONCLUSION

Plaintiff's application for leave to proceed in forma pauperis, ECF 2, is GRANTED. Plaintiff's Motion for Appointment of Counsel, ECF 4, is DENIED. Plaintiff's Complaint, ECF 1, is DISMISSED with leave to amend. Plaintiff's Emergency Motion for Temporary Restraining Order and Injunction, ECF 3, is DENIED with leave to reinstate if appropriate. Plaintiff may amend the complaint in accordance with this order by no later than December 3, 2026.

**IT IS SO ORDERED.**

DATED this 12th day of November, 2026.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge